UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETO LAGRISOLA, MERCEDES P. LAGRISOLA, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN FINANCIAL CORP., and DOES 1-100<br><br>Defendants. | Case No.: 21cv1222 DMS (WVG)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

This case comes before the Court on Plaintiffs' motion to remand. Defendant filed an opposition to the motion, and Plaintiffs filed a reply. After a thorough review of the issues, the motion is granted.

**I.**

**BACKGROUND**

In 2017, Plaintiffs Loreto and Mercedes Lagrisola obtained a home loan from Defendant North American Financial Corporation. When that loan was made, Defendant was not licensed to make home loans in California. (Compl. ¶2.) Plaintiffs allege Defendant's provision of the loan without a license was a violation of California Financial

Code § 22100.[1]  They rely on that alleged violation to support the sole claim in the Complaint, which is for unlawful conduct under California Business and Professions Code § 17200.  Plaintiffs bring the claim on their own behalf and on behalf of a proposed class of similarly situated borrowers.

Plaintiffs filed the present case in San Diego Superior Court on May 10, 2021.  On July 5, 2021, Defendant removed the case to this Court on the basis of diversity jurisdiction.  The present motion followed.

## II.
## DISCUSSION

Plaintiffs move to remand this case on two grounds:  First, they argue they lack Article III standing, therefore the Court lacks subject matter jurisdiction.  Second, Plaintiffs assert the amount in controversy requirement for diversity jurisdiction is not satisfied.

"A motion to remand is the proper procedure for challenging removal." *Sanchez v. Calportland Co.*, No. 2:15-cv-07121-CAS-SHx, 2015 U.S. Dist. LEXIS 146382, at *3 (C.D. Cal. Oct. 26, 2015).  "Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." *Id.*  Federal courts "strictly construe[ ] the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." *Id.*  As the removing party, Defendant "bears the burden of establishing federal jurisdiction." *Id.*

As stated above, Plaintiffs' first argument in support of their motion to remand is that they lack Article III standing.  In support of this argument, Plaintiffs rely on *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S.Ct. 2190 (2021).  In that case, the Court reiterated that the violation of a statute, standing alone, does not satisfy the injury requirement for Article III standing.  Rather, "'Article III standing requires a concrete

---

[1] This statute provides:  "No person shall engage in the business of a finance lender or broker without obtaining a license from the commissioner."  Cal. Financial Code § 22100(a).

injury even in the context of a statutory violation.'" *Id.* at 2205 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). Plaintiffs here argue that, like the plaintiffs in *Transunion*, they have not suffered any injury in fact, therefore they, too, lack Article III standing and the concomitant ability to proceed with their claim in this Court.

Defendant responds that *Transunion* is inapplicable to this case because subject matter jurisdiction here is based on diversity rather than a federal question, but *Transunion* does not draw that distinction. On the contrary, numerous cases explain that "[a] plaintiff must meet the constitutional requirements of Article III to have standing to sue in federal court, regardless of whether she is invoking diversity jurisdiction or federal question jurisdiction." *Allen v. Similasan Corp.*, No. 12cv0376 BTM (WMC), 2013 WL 12061830, at *2 (S.D. Cal. Aug. 7, 2013); *see also Tobia v. Burlington Coat Factory of Texas Inc.*, No. 2:18-cv-00868-CKD, 2018 WL 5023421, at *3 (E.D. Cal. Oct. 16, 2018) (stating federal court lacks subject matter jurisdiction under diversity or federal question "if a plaintiff lacks standing to bring his claims."); *Vancil v. Fidelity Nat. Title Ins. Co.*, No. C12-5775 BHS, 2013 WL 3884138, at *3 n.1 (W.D. Wash. July 26, 2013) (stating standing "is a constitutional restriction analyzed under federal law regardless of whether subject matter jurisdiction is conferred via a federal question or based on diversity.")

Here, Plaintiffs contend they do not have Article III standing to proceed in this Court because they did not suffer an injury in fact due to Defendant's failure to have a lending license. Rather, Plaintiffs allege they are entitled to recover the interest paid on their loan pursuant to California Financial Code § 22751(a),[2] through the restitutionary remedy provided under California Business and Professions Code § 17200. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999)

---

[2] This statute provides, "If any amount other than or in excess of the charges permitted by this division is charged or contracted for, or received, for any reason other than a willful act of the licensee, the licensee shall forfeit all interest and charges on the loan and may collect or receive only the principal amount of the loan." Cal. Fin. Code § 22751(a).

(stating "[p]revailing plaintiffs [on § 17200 claim] are generally limited to injunctive relief and restitution.")  Plaintiffs analogize this Financial Code Section to statutes in which a plaintiff is entitled to collect statutory damages, and argue under that analogy that their right to recover the interest on their loan does not satisfy Article III's injury requirement.  Plaintiffs are correct that the availability of statutory damages alone does not satisfy the injury requirement for constitutional standing, *see Transunion*, 141 S.Ct. at 2206 (stating availability of statutory damages does not satisfy injury requirement for constitutional standing); *Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776, 781 (9th Cir. 2018) ("*Spokeo* laid to rest the notion that because the FCRA authorizes citizen suits and statutory damages, it must mean that allegations of a statutory violation meet the standing requirement."), and their analogy between those statutes and the Financial Code Sections at issue here is persuasive.  Defendant offers no argument in response to this line of reasoning, and Defendant has otherwise failed to show that Plaintiffs have suffered an injury sufficient for Article III standing.  In the absence of that showing, the case must be remanded.  *See Boyle v. MTV Networks, Inc.*, 766 F.Supp. 809, 816-17 (N.D. Cal. 1991) (stating case must be remanded to state court if plaintiff lacks Article III standing).[3]

### III.
### CONCLUSION

For the reasons set out above, Plaintiffs' motion to remand is granted.

**IT IS SO ORDERED**.

Dated:  October 5, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[3] Because Defendant has failed to show Plaintiffs have Article III standing, the Court does not reach the parties' other arguments.